**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | 07-00302M |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Roman Wroclawski, ) | |
| Defendant. ) | |

This matter arises on defendant Wroclawski's request for release pending extradition proceedings. A detention hearing was scheduled and commenced on November 6, 2007, and was continued to December 11, 2007. On that date the matter concluded and was taken under advisement.

Procedural Background:

On October 29, 2007, a Complaint For Extradition was filed in this Court charging the defendant with the crimes of embezzlement and credit fraud arising in the Republic of Poland, and requesting that a warrant be issued for the defendant's arrest. (Doc. #14.) An arrest warrant was issued: defendant was subsequently apprehended and brought before the Court. The Complaint For Extradition was accompanied by a copy of the governing Mutual Legal Assistance Treaty ("MLAT") between Poland and the United States. The MLAT provides the mechanism for obtaining assistance in locating and transferring an individual charged with a criminal offense to the Requesting State (in this case, Poland). (MLAT, Art. I.) Pursuant to The Extradition Treaty between the United States and the Republic of Poland,

1 extradition shall not be granted when prosecution or execution of a sentence has become
2 barred by the statute of limitations of the Requesting State, or if the executive authority of
3 the Requested State determines that the request was politically motivated.  (Art. 8; Art. 5
4 para. 3.)

5       The crimes charged against defendant by the Republic of Poland are alleged to have
6 been committed between November, 1993 and March, 1994.  (Doc. #14.)  To summarize,
7 count one charges defendant with conspiring with other individuals to fraudulently obtain
8 approximately $350,000 in bank credit, in violation of the following Articles of the Criminal
9 Code:  Article 286, para. 1 of the Criminal Code, in connection with Article 294, para. 1; in
10 connection with Article 297, para. 1, in connection with Article 11, para. 2.  Those Articles
11 provide for a potential sentence of between one and 10 years' imprisonment upon conviction.
12 Counts two and three charge defendant with embezzling various items from his companies,
13 Roman, and Roman American Car, in violation of the following Articles of the Criminal
14 Code:  Article 204, para. 2 in connection with Article 58.  Those articles provide for a
15 potential sentence of between six months and seven and a half years' imprisonment upon
16 conviction.

17       Defendant was originally charged with these offenses on December 15, 1994.
18 Subsequent decisions and amendments to the charges occurred on September 6, 1995,
19 December 19, 1998, May 5, 2004, April 27, 2005, May 5, 2005 and August 8, 2005.  (Doc.
20 #14, Exh. 2.)  The Regional Court IX Criminal Department in Lublin issued a provisional
21 arrest on September 14, 2005, based upon "justified suspicion that [defendant] left Poland
22 purposefully in order to abscond from law enforcement authorities and avoid the threatening
23 severe penalty of imprisonment."  (*Id.*)

24       In his Memorandum of Law Regarding Relator's Release Pending Extradition
25 Proceedings, defendant sets forth the following circumstances supporting a consideration of
26 his release: that the charges against him are politically motivated, that the Statute of
27 Limitations has expired, and that he is a good candidate for release.  (Doc. #15.)  During the
28 detention hearing, defendant called one witness to testify on his behalf, his wife Halina

1  Wroclawski. She testified that her husband was a champion wrestler in Poland and by virtue
2  of that status, was a nationally recognized figure. Near the close of his wrestling career in
3  Poland, he decided to write a book chronicling his wrestling career and exposing the rampant
4  corruption amongst athletes and some government figures. She testified that word had
5  gotten out about the book and that she and her husband began to be concerned for their
6  welfare due to imagined repercussions against them. She testified that they left Poland for
7  that reason in 1994. Through her, various exhibits were introduced which demonstrated that
8  she and the defendant had come to the United States in 1994, and resided in Phoenix at an
9  address on 7th Street. (Exhs. A, F.) Numerous letters were sent back and forth between
10 defendant and representatives of the Polish government at this address regarding the criminal
11 charges against defendant. (*Id.*) These letters were admitted into evidence for the purpose
12 of demonstrating knowledge of defendant's whereabouts by government officials from the
13 Republic of Poland during the time period 1996-2004, and the knowledge by defendant of
14 the pending charges.

15      Ms. Wroclawski also testified that after arriving in the United States, she and her
16 husband sought Asylum. By stipulation of the Parties, copies of documents relating to that
17 Asylum petition were introduced into evidence. (Exh. C.) The documents establish that
18 Defendant applied for Asylum in February, 1997, and that the application was denied.
19 Defendants application for voluntary departure was granted on September 11, 2000, and he
20 was given until September 10, 2001 to depart. (*Id.*) Although the documents contained in
21 Exhibit C do not establish the outcome of defendant's request for status in the United States,
22 his attorney indicated that defendant obtained legal permanent residency by consular
23 processing through Mexico. A United States Pretrial Services ("PTS") Report prepared in
24 the case indicates that Immigration and Customs Enforcement records suggest that the

- 3 -

1 defendant is a legal permanent resident and may live and work in the United States. (PTS
2 Report[1], 11/2/07.)

3     Defendant submitted a copy of his resume relating to his coaching experience, and numerous letters of reference, written in 1996-1999, which appear to have been submitted in support of his quest for legal status in the immigration court. (Exh. D.) By stipulation of the parties, a copy of defendant's book, **Is It True**, and its English translation were also introduced into evidence. (Exhs. E, F.) Ms. Wroclawski testified that, because of the book, she and her husband feared retribution by the parties whose corruption was exposed therein. She was not able to point to any particular person currently in a position of power in the Republic of Poland, who was named in the book.

Applicable Law on Release:

    The federal statute that implements the United States' extradition treaties with other nations, Title 18 U.S.C. §§3184 et seq., does not provide for bail. An international extradition proceeding is not considered a criminal case, and therefore the Bail Reform Act, Title 18 U.S.C. §§3141 et seq., does not apply. *Kamrin v. United States*, 725 F.2d 1225, 1228 (9th Cir. 1984); *United States v. Hills*, 765 F.Supp. 381, 385 n. 5 (E.D. Mich. 1991). In fact, in foreign extradition cases, it is well established, that there is a presumption against bail. *Wright v. Henkel*,. 190 U.S. 40, 63 (1903); *Beaulieu v. Hartigan*, 554 F.2d 1, 2 (1st Cir. 1977); *United States v. Leitner*, 784 F.2d 159, 160 (2nd Cir. 1986); *Salerno v. United States*, 878 F.2d 317 (9th Cir. 1989). "The demanding government, when it has done all that the treaty and the law require it to do, is entitled to the delivery of the accused on the issue of a proper warrant, and the other government is under obligation to make the surrender ... ." *Wright*, 190 U.S. at 62.

    Bail may be granted in extradition cases, however, only upon a showing of "special circumstances." *Id.* at 62-63. Special circumstances do not include, standing alone, the fact

---

[1] Information contained in pretrial services reports may be used for the purpose of bail determination, are provided to the attorneys for the government and the accused, but are otherwise confidential. 18 U.S.C. §3153(c)(1).

- 4 -

1  that the defendant is considered a "tolerable bail risk." *Matter of Extradition of Russell*, 805
2  F.2d 1215, 1217 (5th Cir. 1986); *see United States v. Leitner*, 784 F.2d 159 (2nd Cir. 1986);
3  *Hu Yau-Leung v. Soscia*, 649 F.2d 914 (2nd Cir. 1981). Cases in which the courts have held
4  that special circumstances were not shown include: *United States v. Williams*, 611 F.2d 914-
5  15 (1st Cir. 1979) (the discomfort of sitting in jail and an arguably tolerable bail risk not
6  special circumstances); *Russell*, 805 F.2d at 1217 (the need to consult with one's attorney
7  concerning pending civil litigation or extradition proceedings not special circumstances); *In*
8  *the Matter of the Extradition of Sidali*, 868 F.Supp. 656, 658-59 (D.N.J. 1994) (high
9  probability of success and extraordinary character not special circumstances); *United States*
10 *v. Hills*, 765 F.Supp. 381, 386-88 (E.D. Mich. 1991) (absence of flight risk, pending civil
11 litigation, and the need to consult with one's attorney not special circumstances). Cases in
12 which special circumstances were found include: *Hu Yau-Leung*, 649 F.2d at 920 (defendant
13 was 16 years old and there existed no suitable detention facility); *In the Matter of the*
14 *Extradition of Kamel Nacif-Borge*, 829 F.Supp. 1210, 1221 (D. Nev. 1993) (court released
15 defendant on a 12 million dollar bond based upon an interpretation of Mexican law allowing
16 release on bail if he posted security in the amount of 80% of the tax debt).

17 <u>Application of Law to Facts</u>:

18      Defendant's claim that the charges against him are politically motivated has not been
19 sustained[2]. First, they are not themselves "political" in nature. Also, he has been unable to
20 directly connect any action on the part of the government to a political purpose, or to show
21 that individuals he discusses in his book are in positions of decision-making in his case, or
22 in the Republic of Poland at large. Furthermore, his book was allegedly published in 1996,
23 over 10 years ago. To the extent he claims future harm to himself in Poland, his claims are

---

[2] While the Extradition Treaty, Art. 5(3), specifies that extradition may be denied if the request is politically motivated, that decision must be made by the *executive authority* of the Requested State. *See United States v. Kin-Hong*, 110 F.3d 103, 111 (1st Cir. 1997) (considerations of the political motivations of the Requesting State are reserved for the State Department).

- 5 -

1  speculative, and in any event, he has lived openly and publicly since coming to the United
2  States and produces no evidence of harm to himself or his family.  Also, his parents and
3  brother continue to reside in Poland and no evidence has been produced of any harm that has
4  come to them.  (PTS Report, 11/2/97, p. 1.)

5  Defendant asks the court to consider the delay in prosecution as a special circumstance
6  justifying bail, and asserts that there is a substantial question that the statute of limitations
7  has expired. Article 8 of the Extradition Treaty provides that extradition will "not be granted
8  when the prosecution or the enforcement of the penalty for the offense for which extradition
9  has been sought has become barred by lapse of time according to the laws of the Requesting
10 State."  As is applicable here, Article 101 of the Criminal Code provides that prosecution
11 must commence within 15 years for crimes punishable by five or more years, and within 10
12 years for crimes punishable by three or more years.  Once proceedings are commenced
13 within the limitations period, Article 102 provides that for offenses punishable by in excess
14 of five years, the crimes cease to be punishable after the expiration of ten years.

15 Upon a plain reading of the criminal statutes provided, Defendant's offenses were
16 charged within the statute of limitations, and amendments were made through 2005, making
17 the Article 102 apparently inapplicable.[3]  Defendant asks the court to take into consideration
18 the fact that the provisional arrest warrant was not issued until 2005, over ten years from the
19 date of the commission of the charged offenses.  He can point to no particular prejudice that
20 he has suffered by the delay, nor to any authority that requires the Requesting State to seek
21 extradition within a specific time frame.  The government offers no explanation for the delay,
22 although in some of the correspondence admitted into evidence, there appears to be attempts
23 by the prosecutor's office to convince defendant to voluntarily make an appearance on the
24 charges. [Exh. A7(2)] Also, in the Decision by the Regional Court in Lublin to apply for the
25 provisional arrest, dated September 14, 2005, there is an indication that "procedural actions

---

[3] These "amendment" or subsequent "decisions" relating to the original charges and whether or not they stay the application of Article 102 will need to be analyzed in more depth during the extradition proceedings.

- 6 -

1  aimed at assurance of participation of the suspect in the course of the conducted preliminary
2  proceedings have proven ineffective." (Doc. #14.)
3        Defendant presents evidence of good character and work history in order to
4  demonstrate that he is an acceptable bail risk. It is significant to the Court, however, that no
5  evidence presented in that regard appears to address defendant's activities in the last seven
6  years. The PTS report however, does describe in general terms his current work and living
7  situation. (PTS Report, dated 11/2/07.) It is also significant that defendant left Poland just
8  after the alleged criminal conduct occurred. Defendant has failed to present convincing
9  evidence that he does not pose a risk of flight, or that he would appear in the Republic of
10 Poland as directed.

## CONCLUSION

12       After considering the proffers, arguments of counsel, the testimony and admitted
13 exhibits, the Court finds that defendant has failed to present evidence of **special**
14 **circumstances** to warrant bail, or release pending extradition. Defendant is ordered detained
15 pending further proceedings. This ruling is without prejudice to renew at the conclusion of
16 the extradition hearings.
17       DATED this 12th day of December, 2007.

Michelle H. Burns
United States Magistrate Judge